FILED
2007 JUN 15 PM 4:36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEK SANG YOON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>R. LOPEZ, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 06-CV-2460 W (LSP)<br><br>ORDER (1) DENYING MOTION TO APPOINT COUNSEL;<br>(2) DENYING MOTION FOR RECONSIDERATION; AND<br>(3) EXTENDING TIME TO FILE NOTICE OF APPEAL |

　　　On April 25, 2007, the court dismissed Petitioner Taek Sang Yoon's first amended complaint for failure to state a claim. On May 17, Yoon filed a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60, arguing that the court improperly refused to grant leave to amend. He also sought appointment of counsel and an extension of time in which to appeal. Because no circumstances justify appointment of counsel, the court will **DENY** that motion. Further, because Yoon has not shown any grounds for the motion for reconsideration—a disfavored motion in the first place—the court will **DENY** that motion. The court will, however, **GRANT** Yoon's request for additional time in which to appeal.

I. <u>Legal Standards</u>

Under the Constitution, a civil litigant has no right to counsel unless he may lose his physical liberty in the case. <u>Lassiter v. Dep't of Soc. Servs.</u>, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), a district court may appoint counsel for indigent persons—but only in "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). The court must consider the plaintiff's likelihood of success on the merits and his ability to articulate claims proceeding pro se. <u>Id.</u>

A federal district court has discretion to reconsider its order granting final judgment. <u>Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.</u>, 84 F.3d 1186, 1192 (9th Cir. 1996). A district court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988).

"Reconsideration [under Rule 59(e)] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error [of fact or law] or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J, Multinomah County v. AcandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). Similarly, Rule 60(b) permits relief from a final judgment or order, as pertinent here, for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud or other misconduct by the adverse party. Under Rule 59(e), the movant must file within ten days of the judgment. Rule 60(b) allows the movant to file within a reasonable time, up to one year.

II. <u>Discussion</u>

A.   Motion for appointment of counsel

Yoon has not shown exceptional circumstances. As the court will explain, his motion for reconsideration is meritless. Further, the court has twice reviewed Yoon's voluminous allegations sua sponte to no avail. Therefore, it will **DENY** the motion.

### B. Motion for reconsideration

Before analyzing the motion for reconsideration, the court must review the procedural history of this case. Yoon's amended complaint alleged that the prison officials responsible for handling his mail interfered with his right of access to the courts under 42 U.S.C. § 1983. While his complaint was no paragon of clarity, the court took judicial notice of prior proceedings—including those in other districts—and concluded that these allegations did not show that the defendants "so stymied" him in pending litigation that he suffered prejudice or was unable to petition the court effectively. (Order dated February 6, 2007, at 7.) Also, the court concluded that his allegations regarding the inmate-grievance system at his prison did not state a due-process claim because the system did not "impose atypical or significant hardship on [him] in relation to the ordinary incidents of prison life." (Id.)

The court granted Yoon leave to amend the complaint to meet the pleading standard for a § 1983 claim. Again, he alleged that various defendants "opened, delayed and returned [his] legal mail/transcripts to sender without a notice and reason," "failed to do [their] job[s] and dut[ies]," and "avoided to correctly resolve [his] claims and [their] fake acts," and "reduced and changed the facts in favor for the [defendants] and failed to remedy" his complaints. And again, the court concluded that he failed to state a claim under § 1983. (Order dated April 25, 2007.) In his motion for reconsideration, Yoon rehashes and elaborates the same basic allegations relating to mail delays and the inmate-grievance system.

To prevail on a motion to reconsider a order dismissing a complaint for failure to state a claim, Yoon would have to show that the court operated under some mistake of law or fact, or that something has come to Yoon's attention since April 25 that he would have included in the complaint to make it viable. Nothing in his motion remotely resembles either one. He has not shown mistake, surprise, or excusable neglect resulting in an improper or unjust dismissal of his complaint. He has not identified any newly discovered evidence (such as the case number of another filing)

that could have affected the court's conclusion. And he has not alleged fraud by the adverse party—nor could he, since the defendants have not yet appeared. Accordingly, the court **DENIES** the motion for reconsideration.

C. **Motion to extend time to file a notice of appeal**

Due to the delays that have accompanied Yoon's motions, and the likelihood that Yoon lacks the ability to calculate the appeals period, the court hereby **GRANTS** Yoon's motion to extend the time in which to file a notice of appeal.

III. <u>Conclusion</u>

For the foregoing reasons, the court hereby **DENIES** the motion for appointment of counsel [Doc. No. 14], **DENIES** the motion for reconsideration [Doc. No. 16], and **GRANTS** the motion to extend time in which to file a notice of appeal [Doc. No. 12]. Yoon may appeal by filing a notice of appeal on or before <u>July 30, 2007</u>.

IT IS SO ORDERED.

Dated: June 12, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California